UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:10-cv-087-KKC

CHESAPEAKE APPALACHIA, LLC,                                                    PLAINTIFF

v.                              **MEMORANDUM OPINION AND ORDER**

KEVIN WILLIAMS,                                                                DEFENDANT

* * *   * * *   * * *   * * *

This matter is before the Court on the Defendant's motion to dismiss (DE 7). This motion has been fully briefed and is ripe for a decision. The Court will deny the Defendant's motion because the Plaintiff has stated a claim upon which relief may be granted, the Court has subject matter jurisdiction, and venue is proper.

## I.    BACKGROUND

This case involves a dispute over access to a road leading to an oil and gas well (DE 1). The Plaintiff, an Oklahoma company, alleges that it is a successor lessee to an oil and gas lease dated September 21, 1951 (DE 1). In October, 2006, the Plaintiff drilled a well and constructed an access road on the leased premises, which are located on property owned by the Defendant in Pike County, Kentucky (DE 1). Subsequently, the Defendant constructed an electric fence across the access road, blocking the Plaintiff's access to the well (DE 1, 14 ¶ 10). The Plaintiff filed suit, seeking to enjoin the Defendant from blocking its access (DE 1). The Defendant has moved this Court to dismiss the Plaintiff's complaint (DE 7).

## II.    ANALYSIS

The Defendant cites no case law in support of his motion to dismiss.  Instead, the Defendant makes three unsubstantiated arguments.  First, the Defendant argues that the Plaintiff has failed to state a claim upon which relief may be granted because the "Plaintiff has not provided any documentation to support the assumption that it is a successor to the lease" (DE 7).  Second, the Defendant argues that the Court lacks subject matter jurisdiction because the Plaintiff has not demonstrated that the requisite amount in controversy has been met.  Third, the Defendant claims that venue is improper.  The Court considers each argument in turn.

First, the Defendant argues that the Plaintiff has failed to state a claim upon which relief may be granted because the "Plaintiff has not provided any documentation to support the assumption that it is a successor to the lease" (DE 7).  However, the Plaintiff adequately alleged in its complaint that it is a successor-in-interest to the subject lease (DE 1, ¶¶ 7-8).  For purposes of the Defendant's motion, this allegation must be taken as true.  *See Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (recognizing that in construing a motion to dismiss, this Court must "accept all the . . . factual allegations as true and construe the complaint in the light most favorable to the Plaintiff").  Furthermore, the Court notes for the record that the Plaintiff's District Land Coordinator has set forth the chain of title demonstrating the Plaintiff's interest in the leased premises (DE 12, Ex. A).  Therefore, the Court rejects the Defendant's argument that the Plaintiff has failed to state a claim upon which relief may be granted.

Second, the Defendant argues that the Court lacks subject matter jurisdiction because the Plaintiff has not demonstrated that the requisite amount in controversy has been met.  However, according to the Sixth Circuit:

> it is well settled that if a plaintiff brings an action in federal court and a defendant seeks dismissal on amount-in-controversy grounds, the case will not be dismissed unless it appears that the plaintiff's assertion of the amount in controversy was made in bad faith. A showing of bad faith is made if the defendant demonstrates to a legal certainty that the original claim was really for less than the amount-in-controversy requirement.

*Schultz v. General R.V. Center*, 512 F.3d 754, 756 (6th Cir. 2008) (internal quotations omitted). Thus, the burden is on the Defendant to show that the Plaintiff's claim was really for less than $75,000. Here, the Defendant has proffered no evidence to suggest this is the case (DE 7). Furthermore, in actions seeking injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation . . . [and] should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Woodmen of the World/Omaha Woodmen Life Ins. Soc'y v. Scarbro*, 129 F. App'x 194, 195 (6th Cir. 2005) (internal quotations omitted). In this case, the Plaintiff adequately alleged in its complaint that if the Defendant continues to block its access to the well, it would incur costs and expenses in excess of $75,000, which include, but are not limited to, construction of a new access road, repair of damage to its pipeline and well, and possible lost production from the well (DE 1, ¶¶ 15, 18). Accordingly, the Court finds that the Plaintiff has established the requisite amount in controversy.

Third, the Defendant claims that venue is improper. However, since jurisdiction is based solely on diversity of citizenship, this case may

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Here, the Defendant resides in Pike County, all material events occurred in Pike County, the property at issue is located in Pike County, and the Defendant is subject to personal jurisdiction in Pike County (DE 1, 6). Therefore, venue is proper.

## III.   CONCLUSION

Since the Plaintiff has stated a claim upon which relief may be granted, the Court has subject matter jurisdiction, and venue is proper, **IT IS HEREBY ORDERED** that the Defendant's Motion to Dismiss (DE 7) is **DENIED**.

So ordered this 1st day of November, 2010.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**