UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 7:10-87-KKC

CHESAPEAKE APPALACHIA, LLC,                                    PLAINTIFF

v.                                  **MEMORANDUM OPINION AND ORDER**

KEVIN WILLIAMS,                                                DEFENDANT

*** *** *** ***

This matter is before the Court on Defendant's Motion for Reconsideration [DE 112] of this Courts Memorandum Opinion and Order [DE 110] granting Plaintiff's Motion for Partial Summary Judgment and denying Defendant's Motion to Dismiss. For the following reasons, Defendant's Motion is **DENIED**.

Motions to reconsider are evaluated under the same standard as a motion to alter or amend a judgment under Rule 59(e). *Howard v. Magoffin Co. Bd. of Educ.*, 830 F. Supp. 2d 308, 319 (E.D. Ky. 2012) (citing *Keith v. Bobby*, 618 F.3d 594, 597-98 (6th Cir. 2010)). To succeed, Williams must show one of the following: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Id.* (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).

With respect to Parts II.A-C of the Court's opinion, Williams does not argue the Court committed any clear error of law, cite newly discovered evidence, or reference an intervening

change of controlling law. Williams just reasserts his prior arguments that have been fully addressed in the Opinion.

Williams argues that the Court should reconsider Section II.D of its Opinion that granted Chesapeake Summary Judgment on the issue of the horse trailer near the well access road. In his motion to reconsider, Williams cites "new" evidence—photographs of the road and an affidavit that the road is traversable by two-wheel drive vehicles. Although this evidence is "new" in the sense that it was not in the record prior to Williams's motion for reconsideration, it is not "newly discovered evidence" that may warrant reconsideration under Rule 59(e). "To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc. v. Am. Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citing *School Distirct No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). Williams offers no evidence or argument that any of the evidence cited in his motion for reconsideration was "previously unavailable."

Accordingly, Williams's Motion to Reconsider [DE 112] is **DENIED.**

**So ORDERED**

Dated this 31st day of August, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge